IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MATTHEW MOORE,**  **PETITIONER**

**V.**  **NO. 1:05CV98-M-D**

**HEATH HOLLINGSWORTH,**  **RESPONDENT**

**O P I N I O N**

    This cause comes before the court on the petition of Matthew Moore for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was sentenced on February 10, 2004, in the Circuit Court of Lowndes County, Mississippi, to serve five years, with the first two years house arrest in the Intensive Supervision Program and the remaining three on probation. On September 8, 2004, an empty beer can was found at his residence during a random search and petitioner was taken into custody and placed in the Lowndes County Jail. He was then transferred to Mississippi Department of Corrections (MDOC) custody at Rankin County, and had a disciplinary hearing 15 days later. On September 28, 2004, the disciplinary committee found him guilty and he was sent to the Winston Choctaw Regional Correctional Facility to serve the remainder of the five-year sentence.

    Petitioner contends that the Rule Violation Report (RVR) upon which his disciplinary hearing was held was invalid because it had another inmate's MDOC number and because it was not heard within seven days, which he says is the time allowed by MDOC policy and procedure. He therefore argues that the RVR should have been set aside and he should be released from confinement.

    It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state

courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

There is no indication whatsoever that petitioner has filed any sort of action concerning this issue with any state court in Mississippi. Consequently, the "state's highest court [has not had] a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

**THIS** the 14th day of April, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**